IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC BARKER,**

        **Petitioner,**

**v.**                                        **Civil Action No. 1:09cv101**
                                           **Criminal Action No. 1:04cr68**
**UNITED STATES OF AMERICA,**       **(JUDGE KEELEY)**

        **Respondent.**

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. Introduction

On July 28, 2009, *pro se* petitioner, Eric Barker ("Petitioner"), filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] On August 4, 2009, the Government was ordered to respond.[2] The Government filed its response on September 2, 2009.[3] On September 24, 2009, Petitioner filed his reply.[4]

### II. Facts

**A.**    **Conviction and Sentence**

On February 4, 2002, Petitioner pled guilty to conspiracy to distribute heroin in the Southern District of West Virginia and was sentenced on May 13, 2002, to 46 months in prison and three years supervised release. (Transfer of Jurisdiction, 1:04cr68, Dkt.# 1). Petitioner served his

---

[1] Dkt.# 59.

[2] Dkt.# 64.

[3] Dkt.# 66.

[4] Dkt. # 67.

1

sentence and was released in early May 2004 to begin his three years of supervised release. In late August of 2004, proceedings were initiated in the District Court of Southern District of West Virginia to transfer jurisdiction of petitioner's supervised release to the U.S. District Court for the Northern District of West Virginia. That transfer was effected on September 7, 2004. (1:04cr68, Dkt.#1).

On November 4, 2004, petitioner was named in three counts of a new four-count indictment in the Northern District of West Virginia charging him with conspiracy, aiding and abetting in possession with intent to distribute cocaine base (also known as 'crack') and cocaine, activities which occurred during August and September 2004. (1:04cr86, Dkt.# 12). On January 14, 2005, Petitioner entered a guilty plea to Count Two of the four-count indictment, aiding and abetting in possession with intent to distribute crack cocaine and cocaine.[5] On April 25, 2005, Petitioner was sentenced to 70 months in prison and four years supervised release on the new charge, (1:04-CR-86; Dkt. # 42). Petitioner was sentenced to an additional 18 months for the violation of his supervised release on the old charge, to be served consecutively to the new 70-month sentence imposed. (1:04cr68, Dkt. # 15).

**B.** **Direct Appeal**

On July 30, 2008, petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals. (Dkt. # 52). As grounds therefor, petitioner contested the District Court's decision to impose the 18-month sentence for violating the terms of his supervised release to run consecutively, rather than concurrently to his 60-month sentence on the underlying drug charge. Specifically, Petitioner argued that the District Court misunderstood U.S. Sentencing Guidelines Manual § 7B1.3(f) (policy

---

[5] 1:04-CR-86; Dkt. # 30.

statement) to require the court to impose a consecutive sentence instead of a concurrent one. On April 20, 2009, the Fourth Circuit, in an unpublished *per curiam* opinion, found no error with the District Court's decision and affirmed its amended judgment. (Dkt. # 56).

## C. Federal Habeas Corpus

### First Motion to Vacate (Dkt. # 17)

On November 8, 2006, Petitioner filed his first Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (1:06cr68, Dkt. # 17) alleging that the Court erroneously concluded that it lacked discretion to impose consecutive, rather than concurrent sentences for the new charge and the violation of the terms of supervised release on the older offense.[6] Petitioner's § 2255 motion was untimely, but he argued that he was entitled to equitable tolling of the statute of limitations because his counsel had led him to believe he was researching an appeal on his behalf yet let the ten-day time period for notice of appeal lapse. The Government ultimately conceded petitioner was entitled to relief and to be resentenced in order to reset the time frame in which to perfect his appeal. (Dkt.# 45). By Order on July 11, 2008, (Dkt.# 48) the District Judge granted in part and denied in part petitioner's amended § 2255 petition[7] and adopted the Magistrate Judge's earlier Report and Recommendation (Dkt.# 46) to grant the Government's motion to cancel the evidentiary hearing, grant the §2255 motion as equitably tolled and set the matter for a new sentencing hearing. (Dkt.#

---

[6] Petitioner also filed an amendment to his §2255 motion. Dkt.# 21.

[7] The Court denied petitioner's original §2255 motion as moot, and granted his amended motion in part, stating "[a]lthough . . .[his] pro se amended petition does not specifically seek re-sentencing, which would provide him with a new opportunity to appeal, the Court finds that such measure is the appropriate equitable relief [,]" but denied petitioner's request to have his sentences run concurrently rather than consecutively. (Dkt.# 48 at 5 - 6).

3

48). Petitioner was re-sentenced on July 28, 2008 to 60 months in prison[8] and 4 years supervised release on the new drug charge and 18 months in prison, to be served consecutively, for the violation of supervised release on the prior charge. (Dkt. # 50). Two days later, petitioner filed his notice of appeal, *supra.*

**Second Motion to Vacate (Dkt.# 59)**

On July 28, 2009, petitioner filed his second and instant Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

**Petitioners' Contentions**

In his federal habeas petition and supporting memorandum of law, the Petitioner asserts that

(1)  the District Court implemented a sentence greater than necessary to uphold the § 3553(a) factors, which resulted in an excessive punishment, and

(2)  the District Court erroneously "double-counted" by considering the same underlying conduct in finding Petitioner violated the terms of his supervised release and in imposing a new sentence on Petitioner.

**Government's Response (Dkt. # 66 )**

In its response to Petitioner's federal habeas petitioner, the Government asserts that:

(1)  the District Court did not err when deciding to impose a sentence of imprisonment for a violation of supervised release to run consecutively with Petitioner's sentence of imprisonment imposed for a drug offense;

(2)  the District Court was well within its discretion to consider the same criminal conduct in finding Petitioner guilty of violating his supervised release and guilty of a new drug offense; and

(3)  petitioner's § 2255 motion should be dismissed as he waived his habeas and

---

[8]At that hearing, the Court also granted petitioner's *pro se* March 18, 2008 motion for a reduced sentence pursuant to 18 U.S.C. 3582, so petitioner's underlying sentence on the new charge was reduced from 70 to 60 months imprisonment.

4

appellate rights in his plea agreement.[9]

**Petitioner's Reply (Dkt. # 67)**

In his reply to the Government's Response, Petitioner asserts that he does not contend that the District Court abused its discretion when it considered the same criminal conduct to find him guilty of violating the terms of his supervised release as well as a separate drug offense. Rather, Petitioner asserts "that the consecutive nature of his sentence is greater than necessary to uphold the § 3553(a) factors."

**D.    Other Collateral Proceedings**

On March 18, 2008, petitioner filed a pro se Motion for Sentence Modification Pursuant to 18 U.S.C. 3582(c)(2). (Dkt.# 40). On July 22, 2008, at his re-sentencing hearing, the District Court granted the petitioner's motion for retroactive application of sentencing guidelines to crack cocaine offenses, reducing petitioner's sentence from 70 to 60 months.

**E.    Recommendation**

Because Petitioner is procedurally barred from bringing both claims, the undersigned recommends that Petitioner's §2255 motion be denied and dismissed from the docket.

### III.  Analysis

**A.    Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded

---

[9]The Government mistakenly references petitioner's waiver of habeas and appellate rights in the plea agreement for petitioner's new charges (1:04cr86, Dkt.# 30 at 4). This instant motion to vacate has been filed under petitioner's prior conviction, 1:04cr68.

the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**B.**     **Procedurally Barred Claims**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Petitioner's Claim #1: Petitioner first contends that "the 18-month consecutive sentence for violation of supervised release is greater than necessary to uphold § 3553(a) factors when taking into account everything the statute requires." (Dkt. # 60; P. 4). At base, Petitioner argues that the imposition of an 18-month sentence for violation of supervised release running consecutively with a 60-month sentence for a new drug offense is excessive because of the consecutive nature of the

6

sentences.

The Court finds that Petitioner is barred from bringing this claim. Petitioner, on direct appeal, argued that the District Court erred in imposing an 18-month sentence for violation of supervised release to run consecutive to the 60-month sentence. The Fourth Circuit rejected Petitioner's claim and affirmed the District Court. Petitioner's habeas argument is virtually identical to the argument made on appeal, albeit couched in different language. Accordingly, pursuant to Boeckenhaupt, 537 F.2d at 1182, Petitioner is now barred from raising the same challenge in a collateral attack.

Petitioner's Claims #2: Petitioner argues that the District Court "double-counted," by considering the same underlying conduct to find both a violation of supervised release and a separate, new drug offense. Petitioner could have, but did not raise this argument on appeal. See Maybeck, 23 F.3d at 891. Because petitioner did not raise this issue on direct appeal and has failed to demonstrate "cause" and "prejudice" for his procedural default, he may not now raise this claim in a § 2255 collateral attack. Accordingly, this claim is procedurally barred and should be denied.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 motion be DENIED and dismissed from the docket because Petitioner is procedurally barred from bringing both claims.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely

7

file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: February 10, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE