IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC SCOTT BARKER,**

    **Petitioner,**

v.                 //         CIVIL ACTION NO. 1:09CV101
                                 CRIMINAL ACTION NO. 1:04CR68
                                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING PETITION AND DISMISSING IT WITH PREJUDICE [DKT. NO. 1],
DENYING AS UNTIMELY PETITIONER'S MOTION FOR JUDGMENT ON THE
PLEADINGS IN CASE NUMBER 1:09CV101 [DKT. NO. 16], AND HOLDING
IN ABEYANCE THE MOTION IN CASE NUMBER 1:04CR68 [DKT. NO. 76]**

On July 28, 2009, pursuant to 28 U.S.C. § 2255, the pro se petitioner, Eric Scott Barker ("Barker"), filed a motion to vacate, set aside, or correct his sentence based on contentions that sentence was greater than necessary under 18 U.S.C. § 3553(a), and that the Court improperly had "double counted" the same conduct when revoking his supervised release and sentencing him for a separate drug offense. On February 10, 2010, the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert"), issued a report and recommendation ("R&R") recommending that Barker's § 2255 motion be denied and dismissed. The magistrate judge concluded that Barker's claim that his sentence was greater than necessary was procedurally barred because the claim was rejected on direct appeal. See Boeckenhaupt v. United

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING PETITION AND DISMISSING IT WITH PREJUDICE [DKT. NO. 1],
DENYING AS UNTIMELY PETITIONER'S MOTION FOR JUDGMENT ON THE
PLEADINGS IN CASE NUMBER 1:09CV101 [DKT. NO. 16], AND HOLDING
IN ABEYANCE THE MOTION IN CASE NUMBER 1:04CR68 [DKT. NO. 76]**

States, 537 F.2d 1182 (4th Cir. 1976). The magistrate judge also concluded that Barker's "double-counting" claim was procedurally barred because he had failed to raise it on direct appeal and had failed to demonstrate "cause" and "prejudice" for his procedural default. See United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). It therefore recommended that the Court deny Barker's § 2255 motion and dismiss it from the docket. The R&R also specifically warned Barker that his failure to object to the R&R within fourteen days of receipt of it would result in the waiver of any appellate rights on these issues.[1]

On February 25, 2010, Barker filed timely objections to the R&R in which he expressly abandoned his "double counting" argument, and contended that he should be resentenced under a one-to-one crack cocaine to powder ratio and granted an immediate release. Barker's objections fail to challenge the legal reasoning or conclusions of the magistrate judge's R&R. Moreover, his additional argument that he should be resentenced at a one-to-one crack

---

[1] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).

cocaine to powder cocaine ratio was not raised on direct appeal, and he offers no explanation for this procedural default. See United States v. Barker, No. 08-4780 (4th Cir. Apr. 20, 2009) (unpublished). Accordingly, Barker's failure to raise the argument on direct appeal procedurally bars him from raising it now. See Maybeck, 23 F.3d at 891. The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 11), **DENIES** Barker's § 2255 petition, and **DISMISSES** it **WITH PREJUDICE** (dkt. no. 1).

　　　Finally, on August 12, 2010, Barker filed a "Motion for Judgment on the Pleading's [sic]" seeking to be resentenced in accordance with the Fair Sentencing Act of 2010. See Pub. L. No. 111-220. Under this legislative enactment, Congress directed the United States Sentencing Commission to promulgate revised Guidelines implementing the Act's changes. Revised Guidelines, however, will not be promulgated until November 1, 2010, and it is presently unknown whether they will apply retroactively. Accordingly, the Court **DENIES** Barker's "Motion for Judgment on the Pleading's [sic]" in case number **1:09CV101** (dkt. no. 16) as untimely, and **HOLDS IN ABEYANCE** the same motion pending in case number **1:04CR68** (dkt. no. 76).

**BARKER V. UNITED STATES**                                       1:09CV101
                                                                  1:04CR68
**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING PETITION AND DISMISSING IT WITH PREJUDICE [DKT. NO. 1], DENYING AS UNTIMELY PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NUMBER 1:09CV101 [DKT. NO. 16], AND HOLDING IN ABEYANCE THE MOTION IN CASE NUMBER 1:04CR68 [DKT. NO. 76]**

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Barker has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of each order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 7, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE